JS 44 - No. CALIF (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I. (a) PLAINTIFFS**
PEBBLE BEACH COMPANY, a California General Partnership

**DEFENDANTS**
JOHN E. WARRINGTON and JANET A. WARRINGTON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5000

ATTORNEYS (IF KNOWN)

C01-20950

ADR E-filing PVT

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For diversity cases only) (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding — [ ] 2 Removed from State Court — [ ] 3 Remanded from Appellate Court — [ ] 4 Reinstated or Reopened — [ ] 5 Transferred from Another district (specify) — [ ] 6 Multidistrict Litigation — [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Federal Employers Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury

PERSONAL INJURY
[ ] 362 Personal Injury - Med. Malpractice
[ ] 365 Personal Injury - Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing
[ ] 444 Welfare
[ ] 440 Other Civil Rights

**PRISONER PETITIONS**
[ ] 510 Motion to Vacate Sentence
Habeas Corpus:
[ ] 530 General
[ ] 535 Death Penalty
[ ] 540 Mandamus & Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition

**FORFEITURE/PENALTY**
[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 RR & Truck
[ ] 650 Airline Regs.
[ ] 660 Occupational Safety/Health
[ ] 690 Other

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt. Relations
[ ] 730 Labor/Mgmt. Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litigation
[ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[ ] 830 Patent
[X] 840 Trademark

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/Exchange
[ ] 875 Customer Challenge 12 USC 3410
[ ] 891 Agricultural Acts
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Information Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes
[ ] 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), (c) and (d); Trademark infringement and dilution

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** Permanent Inj. [ ] CHECK YES only if demanded in complaint: JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY) [ ] SAN FRANCISCO/OAKLAND [X] SAN JOSE

DATE: October 8, 2001

SIGNATURE OF ATTORNEY OF RECORD: [signature] Janet L. Cullum

NDC-JS44

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence** (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 10/93) Summons in a Civil Actio

# United States District Court

Northern DISTRICT OF California

PEBBLE BEACH COMPANY, a California General Partnership,

Plaintiff,

V.

JOHN E. WARRINGTON and JANET A. WARRINGTON,

Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: C01-20950

PVT

E-filing ADR

**TO:** (Name and address of defendant)

John E. Warrington
Pebble Beach Motor Lodge
Ninth Street at Wesley Avenue
Ocean City, New Jersey 08226

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Janet L. Cullum, Esq.
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

CLERK

OCT - 9 2002

DATE

RITA DIXON

(BY) DEPUTY CLERK

AO-440

COPY

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______________________

☐ Returned unexecuted: ______________________

☐ Other *(specify)*: ______________________

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United Stated of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________
*Date* *Signature of Server*

______________________
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Northern DISTRICT OF California

PEBBLE BEACH COMPANY, a California General Partnership,

Plaintiff,

v.

JOHN E. WARRINGTON and JANET A. WARRINGTON,

Defendants.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

C01-20950

E-filing ADR PVT

TO: (Name and address of defendant)

Janet A. Warrington
Pebble Beach Motor Lodge
Ninth Street at Wesley Avenue
Ocean City, New Jersey 08226

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Janet L. Cullum, Esq.
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING
CLERK

OCT - 9 2002
DATE

RITA DIXON
(BY) DEPUTY CLERK

AO-440

COPY

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other *(specify)*: ______

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United Stated of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______
*Date*

______
*Signature of Server*

______
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ORIGINAL
FILED

OCT 0 9 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

COOLEY GODWARD LLP
JANET L. CULLUM (104336)
Five Palo Alto Square, 3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

TRATTNER & ASSOCIATES
STEPHEN M. TRATTNER
1823 Jefferson Place, N.W.
Washington, DC 20036-2554
Telephone: (202) 331-8020
Facsimile: (202) 331-1463

Attorneys for Plaintiff
PEBBLE BEACH COMPANY

C01-20950 PVT

ADR

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PEBBLE BEACH COMPANY, a California General Partnership,

Plaintiff,

v.

JOHN E. WARRINGTON and JANET A. WARRINGTON,

Defendants.

No.

**COMPLAINT FOR: SERVICE MARK AND TRADE NAME INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND DILUTION, AND TRADEMARK CYBERSQUATTING**

Trial Date: Not Yet Set

Plaintiff Pebble Beach Company, for its Complaint against Defendants, alleges as follows:

## I. THE PARTIES

1. Plaintiff PEBBLE BEACH COMPANY ("Plaintiff") is a California general partnership having its principal place of business in the County of Monterey, California.

2. On information and belief, Plaintiff alleges that Defendant John E. Warrington and Janet A. Warrington, ("the Warringtons") are the owners of the Pebble Beach Motor Lodge in Ocean City, New Jersey.

## II. JURISDICTION AND VENUE

3. This is an action for federal and common law service mark infringement, trade



COPY

name infringement, false designation of origin, dilution, and trademark cybersquatting arising under both the Federal Trademark Act of 1946, 15 U.S.C. § 1051, et seq., and the California Business & Professions Code § 14330 et seq.

4. This Court has original jurisdiction over the federal infringement and dilution claims set forth in this Complaint under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). This Court has supplemental jurisdiction over the state dilution claim set forth in this Complaint under 28 U.S.C. § 1367(a).

5. On information and belief, the Warringtons have actively advertised in and sought business from within this District, which activities give rise to the claims in the Complaint, and therefore venue is proper under 28 U.S.C. § 1391.

6. The basis for assignment of this action to the San Jose Division of this Judicial District is that a substantial part of the events or omissions that give rise to the claims set forth below occurred in Monterey County.

## III. BACKGROUND STATEMENT

7. In late 1879 or 1880, the Pacific Improvement Company ("Pacific") acquired a substantial land holding in Monterey County, California, which the state of California had identified, in pertinent part, as "Rancho El Pescadero."

8. In 1919, Plaintiff's predecessor-in-interest, Del Monte Properties Co. (collectively with Pebble Beach Company referred to as "Plaintiff"), acquired Rancho El Pescadero, as part of an 18,000 acre tract of land that it purchased from Pacific. Subsequently, Plaintiff referred to an area of the tract as "Pebble Beach." This area has never been a political subdivision of the State of California and remains unincorporated.

9. In 1919, Plaintiff opened a golf course which it called PEBBLE BEACH. Plaintiff has been using the PEBBLE BEACH service marks continuously since that time.

10. In 1909, Plaintiff constructed a lodge which it called the Pebble Beach Lodge. When it burned down, it was replaced with the current lodge in 1919 which Plaintiff called the Pebble Beach Lodge, Del Monte Lodge, and The Lodge at Pebble Beach.

11. Since its dedication in 1919, Plaintiff has hosted many major golf championships at

the PEBBLE BEACH golf course, including the United States Golf Association's "U.S. Open," the "U.S. Amateur" Championships, the "U.S. Women's Amateur" Championships, and the PGA (Professional Golfers Association) Championship. These tournaments have helped to make the PEBBLE BEACH golf course and resort famous throughout the United States.

12. In or about 1947, celebrated singer/actor Bing Crosby began hosting an annual golf tournament called the Bing Crosby National Pro Am ("The Crosby") which concluded on the PEBBLE BEACH golf course. This tournament has grown in fame and popularity over the years. Subsequent to Bing Crosby's death, Plaintiff hosts annually the "National Pro Am" (now called the "AT&T PEBBLE BEACH National Pro Am") at the PEBBLE BEACH golf course. This tournament is broadcast nationally on network television, and has helped to make the PEBBLE BEACH golf course and resort famous and popular throughout the United States long prior to 1973.

13. For decades, professional golf writers and others have written hundreds of unsolicited articles in major golf and general interest magazines, as well as in books, highlighting the storied golf history of the PEBBLE BEACH golf course, the scenic and recreational areas of PEBBLE BEACH generally, and hotel and resort services specifically.

14. In 1992, Golf Magazine proclaimed the PEBBLE BEACH golf course as the greatest golf course in the world. In March of 2001, Golf Digest Magazine ranked the PEBBLE BEACH golf course as the number one golf course in the United States.

15. Even before The Crosby, numerous famous celebrity entertainers would stay at Plaintiff's hotel, and their activities there were reported in the news. The public and Plaintiff both before and after The Crosby began in 1947 referred to Plaintiff's hotel services as PEBBLE BEACH and referred to Plaintiff's trade name as PEBBLE BEACH in the context of providing resort services, including hotel services.

16. Long prior to 1973, Plaintiff and the public had used Plaintiff's famous service marks PEBBLE BEACH to identify Plaintiff as the source of golf, resort, and hotel services.

17. Plaintiff has gained a substantial and favorable reputation in connection with its golf, resort, and hotel services marketed, and sold under its PEBBLE BEACH service marks, and

Plaintiff's PEBBLE BEACH trade name in connection with its famous PEBBLE BEACH service marks serve as the triggering mechanism for the sale of Plaintiff's services.

18. Plaintiff is the owner of the federal registration on the Principal Register for the service mark PEBBLE BEACH for golfing facilities, Reg. No. 1,065,027. Plaintiff's PEBBLE BEACH federal service mark for golfing facilities has achieved incontestable status.

19. Plaintiff is the owner of the common law service mark PEBBLE BEACH for hotel services. In addition, Plaintiff is the owner of federal registration on the Principal Register for the service mark PEBBLE BEACH for resort and hotel services, Reg. No. 1,724,418.

20. On information and belief, the Warringtons own a motel or motor lodge in New Jersey.

21. On information and belief, the Warringtons advertise their motel or motor lodge as "Pebble Beach Motor Lodge," and "Pebble Beach."

22. On information and belief, the Warringtons have registered the trade name of "Pebble Beach Motel" to designate their motel or motor lodge in New Jersey.

23. On information and belief, the Warringtons' motel services are inferior compared to the quality of hotel services provided by Plaintiff under its PEBBLE BEACH service marks or pursuant to its PEBBLE BEACH trade name.

24. On information and belief, the Warringtons created a web site with the domain name "pebblebeachnj.com," and used Plaintiff's service marks PEBBLE BEACH as a metatag for their website.

25. On information and belief, in their advertising, the Warringtons emphasized Plaintiff's service marks PEBBLE BEACH identified above in their use of the service marks Pebble Beach Motel and Pebble Beach Motor Lodge.

26. On information and belief, the Warringtons and their predecessor-in-interest to their motel services used the term "Pebble Beach" knowing that Plaintiff had used the service marks PEBBLE BEACH to identify its golf, resort, and hotel services.

27. On information and belief, the Warringtons' use of Plaintiff's service marks PEBBLE BEACH in their marks, domain name, and as a metatag creates an initial interest in their

potential and actual customers due to the fame and reputation associated with Plaintiff and its PEBBLE BEACH service marks and trade name alleged in this complaint.

28. On information and belief, the Warringtons' use of the term "Pebble Beach" as alleged herein has created a likelihood of confusion with Plaintiff's PEBBLE BEACH service marks and trade name.

29. On information and belief, the Warringtons' use of the term "Pebble Beach" as alleged herein has created dilution in terms of blurring and tarnishment.

30. On information and belief, the Warringtons have been unjustly enriched from the unauthorized use of the term "Pebble Beach" in their service marks, trade name, related advertising, domain name, and metatags.

31. Plaintiff sent the Warringtons a cease and desist letter in August, 1999, demanding that the Warringtons immediately cease and desist from any further use of the term "Pebble Beach." Defendants have refused to cease all use of Plaintiff's service marks and trade name.

32. Plaintiff has suffered irreparable injury as a result of the Warringtons' unauthorized uses of and references to the term "Pebble Beach," and unless these uses and references are permanently enjoined, Plaintiff will continue to suffer irreparable injury.

COUNT I

SERVICE MARK INFRINGEMENT UNDER § 32(1) OF THE LANHAM ACT.

33. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 32 of this Complaint.

34. The Warringtons' unauthorized use of Plaintiff's federal service marks PEBBLE BEACH for their motel and lodge services, or the use of any other mark that is identical or similar to Plaintiff's federally registered PEBBLE BEACH service marks, including but not limited to Pebble Beach Motel, pebblebeachnj.com, and Pebble Beach Motor Lodge, infringes Plaintiff's federally registered PEBBLE BEACH service marks because such use is likely to cause confusion, mistake, or deception in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114.

35. The Warringtons' acts alleged herein have caused Plaintiff to lose control over the reputation associated with its federally registered PEBBLE BEACH service marks.

36. The Warringtons' acts alleged herein irreparably injure Plaintiff and its business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined.

COUNT II

SERVICE MARK AND TRADE NAME INFRINGEMENT UNDER § 43(a) OF THE LANHAM ACT

37. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 36 of this Complaint.

38. The Warringtons' unauthorized use of the service mark PEBBLE BEACH in connection with their motel and lodge services and website, or the use of any other mark that is identical or similar to Plaintiff's common law and federal PEBBLE BEACH service marks and PEBBLE BEACH trade name, infringes Plaintiff's common law and federal PEBBLE BEACH service marks and trade name because such use is likely to cause confusion, mistake, deception as to the origin, sponsorship, or approval of the Warringtons' services, or deception as to the affiliation, connection, or association between the Warringtons and the Plaintiff in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. The Warringtons' acts alleged herein have caused Plaintiff to lose control over the reputation associated with its service marks and trade name.

40. The Warringtons' acts alleged herein irreparably injure Plaintiff and its business, reputation, and good will, and will continue to do so unless and until they are permanently enjoined.

IV. COUNT III

DILUTION UNDER § 43(c) OF THE LANHAM ACT.

41. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 40 of this Complaint.

42. Plaintiff's PEBBLE BEACH service marks are famous and were famous among the Warringtons' actual and potential customers prior to the Warringtons' or their predecessor-in-interest's first use of Pebble Beach, Pebble Beach Motor Lodge, Pebble Beach Motel,

pebblebeachnj.com, and PEBBLE BEACH as a metatag.

43. The Warringtons' use of Pebble Beach, Pebble Beach Motor Lodge, Pebble Beach Motel, pebblebeachnj.com, and PEBBLE BEACH as a metatag has whittled away at the ability of Plaintiff's famous PEBBLE BEACH service marks to identify only Plaintiff's services, and has diluted the distinctive quality of Plaintiff's famous PEBBLE BEACH service marks by blurring and by tarnishment in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44. The Warringtons' acts alleged herein irreparably injure Plaintiff and its business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined.

COUNT IV

DILUTION UNDER § 14330 CALIFORNIA BUSINESS AND PROFESSIONS CODE.

45. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 44 of this Complaint.

46. Plaintiff's PEBBLE BEACH service marks are strong and distinctive within the meaning of California Business and Professions Code § 14330.

47. Plaintiff's PEBBLE BEACH service marks are famous and were famous among the Warringtons' actual and potential customers prior to the Warringtons' or their predecessor-in-interest's first use of Pebble Beach, Pebble Beach Motor Lodge, Pebble Beach Motel, pebblebeachnj.com, and PEBBLE BEACH as a metatag.

48. The Warringtons' use of Pebble Beach, Pebble Beach Motor Lodge, Pebble Beach Motel, pebblebeachnj.com and PEBBLE BEACH as a metatag has whittled away at the ability of Plaintiff's famous PEBBLE BEACH service marks to identify only Plaintiff's services, and has diluted the distinctive quality of Plaintiff's famous PEBBLE BEACH service marks by blurring and by tarnishment in violation of California Business & Professions Code § 14330 et seq.

49. The Warringtons' acts alleged herein irreparably injure Plaintiff and its business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined.

COUNT V

VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT OF 1999.

50. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein the paragraphs 1 through 49 of this Complaint.

51. The Warringtons' actions as described above, and specifically, without limitation, their use of the pebblebeachnj.com domain name, constitute a violation of section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), as amended by the Anticybersquatting Consumer Protection Act of 1999.

52. The Warringtons have registered and have used a domain name that is confusingly similar to and dilutive of Plaintiff's PEBBLE BEACH service marks.

53. On information and belief, the Warringtons have had a bad faith intent to profit from Plaintiff's PEBBLE BEACH service marks through use of Plaintiff's PEBBLE BEACH service marks in the pebblebeachnj.com domain name.

54. The Warringtons' actions have caused irreparable injury to Plaintiff.

PRAYER FOR RELIEF

1. That this Court grant a nationwide and permanent injunction enjoining Defendants and each of their partners, associates, agents, servants, and employees, and all others acting in concert therewith or having knowledge thereof, from offering goods or services in conjunction with any marks, word, term, name, symbol, or device that is identical or confusingly similar to Plaintiff's PEBBLE BEACH service marks, including but not limited to Pebble Beach, Pebble Beach Motor Lodge, Pebble Beach Motel, and pebblebeachnj.com, and from committing any other act that is likely to cause confusion, mistake, or deception. See 15 U.S.C. § 1116.

2. That this Court grant a nationwide and permanent injunction enjoining Defendants and each of their partners, associates, agents, servants, and employees, and all others acting in concert therewith or having knowledge thereof, from selling goods or offering any services in conjunction with any mark, word, term, name, symbol, or device, including but not limited to Pebble Beach, Pebble Beach Motor Lodge, Pebble Beach Motel, and pebblebeachnj.com, that

dilutes the distinctive quality of Plaintiff's PEBBLE BEACH service marks. See 15 U.S.C. § 1125(c); and California Business & Professions Code § 14330 et seq.

3. That this Court require Defendants to account to Plaintiff for treble all profits which Defendants have derived from the sale of services which infringes or dilutes Plaintiff's service marks PEBBLE BEACH, or which make reference to PEBBLE BEACH, as well as award reasonable attorney fees and costs to Plaintiff. See 15 U.S.C. § 1117(a); 1125(c)(2).

4. That this Court award statutory damages under 15 U.S.C. § 1117(d).

5. That this Court grant Plaintiff such other and further relief as it should deem just.

Dated: October 8, 2001

COOLEY GODWARD LLP
JANET L. CULLUM (104336)

TRATTNER & ASSOCIATES
STEPHEN M. TRATTNER

By: ______________________
Janet L. Cullum

Attorneys for Plaintiff
PEBBLE BEACH COMPANY

JURY DEMAND

Plaintiff requests a trial by jury.

Dated: October 8, 2001

COOLEY GODWARD LLP
JANET L. CULLUM (104336)

TRATTNER & ASSOCIATES
STEPHEN M. TRATTNER

By: ______________________
Janet L. Cullum

Attorneys for Plaintiff
PEBBLE BEACH COMPANY